IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE S., as mother and next friend of E.S., a minor,<br><br>            Plaintiff,<br>vs.<br><br>STATE OF OKLAHOMA, ex rel., J.D. MCCARTY CENTER, a state agency, et al.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)  NO.  CIV-08-0003-HE<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

In this case, Michelle S., as mother and next friend of E.S., a minor, brings suit against the State of Oklahoma and certain unnamed John Doe employees of the state for injuries allegedly suffered by E.S. during a respite stay at the J. D. McCarty Center, a state agency. Plaintiff alleges a claim under 42 U.S.C. §1983 as the basis for jurisdiction in this court and also asserts, based on supplemental jurisdiction, various state law claims against the defendants.

The State of Oklahoma has moved to dismiss the claims against it, arguing that it is not a "person" within the meaning of §1983 and that it is immune from suit in this court based on the Eleventh Amendment to the U. S. Constitution. Plaintiff has responded to the motion.

Although the Amended Complaint's §1983 claim ("Fourth Cause of Action") appears to assert a claim against the State of Oklahoma by its reference to the "Defendant" being vicariously liable for the actions of its employees, plaintiff now clarifies that she did not

intend to assert a §1983 claim against the State. In any event, she concedes, as she must, that any §1983 claim against the State would be properly dismissed. A state is not a "person" within the meaning of §1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 71 (1989).

Apart from its lack of amenability to suit under §1983, the State further argues that it is immune from suit here, as to all of plaintiff's claims, by reason of Eleventh Amendment immunity. The Eleventh Amendment to the U. S. Constitution permits a state to raise the defense of sovereign immunity against any suit brought against it in federal court by its own citizens or the citizens of another state. *See* Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381 (1998); Seminole Tribe v. Florida, 517 U.S. 44, 69-73 (1996). Absent a specific waiver of immunity by the state, its express abrogation by Congress, or a situation where a citizen sues a state official based on Ex Parte Young, 209 U.S. 123 (1908), a nonconsenting state cannot be sued by private individuals in federal court. Opala v. Watt, 454 F.3d 1154, 1157 (10th Cir. 2006), *cert. denied,* ___ U.S. ___ (2006). Here, plaintiff relies on Oklahoma's Governmental Tort Claims Act, 51 Okla. Stat. §151 *et seq.*, as waiving the immunity. However, contrary to plaintiff's assertion, it is clear that Oklahoma has not waived its Eleventh Amendment immunity (as opposed to its sovereign immunity) from suit. 51 Okla. Stat. §§152.1(B), 162(E); Callahan v. Poppell, 471 F.3d 1155, 1159 (10th Cir. 2006).[1] There is no suggestion that Congress has abrogated Oklahoma's immunity in these circumstances and there is nothing in the nature of plaintiff's claims suggesting she is

---

[1] *See Alden v. Maine, 527 U.S. 706, 713 (1999) (discussing relationship of Eleventh Amendment immunity and state sovereign immunity).*

seeking relief of the Ex Parte Young sort.[2]  Accordingly, the State of Oklahoma is immune from suit in this federal court proceeding and all claims asserted directly against the State must therefore be dismissed.

Defendant State of Oklahoma's motion to dismiss [Doc. #18] is **GRANTED** and the claims against it are dismissed.  As all remaining defendants are unidentified "John Doe" defendants, plaintiff is granted until **September 1, 2008**, to file an amended complaint identifying the defendant(s) against whom she seeks to proceed and a basis for jurisdiction in this court.  Absent such a filing, this case will be subject to dismissal in its entirety.  *See* Fed.R.Civ.P. 4(m).  The plaintiff is authorized to commence discovery directed towards ascertaining the identities of the unnamed defendants.

**IT IS SO ORDERED**.

Dated this 28th day of July, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*The Amended Complaint's plea for relief includes a passing reference to "declaratory and injunctive relief," but nothing in the complaint suggests a basis for same.*